```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
          v.                    :
                                :
MICHAEL NIXON                   :      NO. 93-386-4
```

MEMORANDUM

Bartle, C.J.                                            May 13, 2008

      Before the court is the motion of Michael Nixon for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

      On February 25, 1994, a jury convicted Nixon of conspiracy to distribute in excess of 50 grams of cocaine base ("crack") for his 88 days of participation in a drug smuggling ring. During Nixon's sentencing hearing on July 6, 1994, the court found that he had distributed between 1.5 and 5 kilograms of cocaine base, which resulted in a base offense level of 38 under U.S.S.G. § 2D1.1(C)(1) and a total offense level of 44. Because Nixon had a criminal history category of VI, the court had no choice but to impose a sentence of life imprisonment under the Sentencing Guidelines. The Court of Appeals affirmed the conviction and sentence on May 30, 1995. U.S. v. Rivers, 54 F.3d 770 (3d Cir. 1995). In 2001, the court reduced the defendant's total offense level from 44 to 43 based on a subsequent amendment to the Guidelines. The guideline sentence of life imprisonment, however, remained unchanged.

Effective November 1, 2007, the Sentencing Commission adopted Amendment 706.  This amended § 2D1.1 of the Guidelines to reduce the offense levels applied to many offenses involving cocaine base.  On December 11, 2007, in Amendment 712, the Sentencing Commission ordered that Amendment 706 apply retroactively, effective March 3, 2008.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ...."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).  The statute also requires that in determining whether to reduce a sentence based on a retroactive amendment, the court must consider the factors set forth in 18 U.S.C. § 3553(a), including the need for any sentence imposed "to protect the public from further crimes of the defendant."

The parties agree that, upon retroactively applying the amendment to § 2D1.1, Nixon's total offense level is now 41.  This results in a lowered guideline sentencing range for him of 360 months to life imprisonment.  The government nonetheless argues that this court should not decrease Nixon's sentence in light of Nixon's prison record, which shows such disciplinary infractions as assault, fighting, possessing a dangerous weapon, and threatening bodily harm.

While we do not condone Nixon's conduct in prison, we do not find it cause for denying him a reduction in sentence

based on the recent retroactive amendment to the Sentencing Guidelines.  Nixon was 33 years old when he was placed into federal custody.  A diminution in Nixon's term of imprisonment from life to 360 months will mean that he will not be released until he is almost 64 years old if he receives no credit for satisfactory behavior under 18 U.S.C. § 3624(b)(1).  He will still be subject, of course, to supervised release, in this case for five years.  Under the circumstances, we do not view him as posing a threat to the public safety upon his release from prison after such a reduced sentence.

　　　　Taking into account all factors listed under § 3553(a), we find that a period of thirty years' incarceration is sufficient but not greater than necessary.  Accordingly, we will reduce Nixon's sentence to 360 months, with all other terms and conditions of his original sentence remaining the same.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL NIXON | : | NO. 93-386-4 |

ORDER

AND NOW, this 13th day of May, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of movant Michael Nixon to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED; and

(2)  the term of imprisonment of Michael Nixon is reduced to 360 months, with all other terms and conditions of the original sentence to remain the same.

BY THE COURT:

/s/ Harvey Bartle III
C.J.