IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          CRIMINAL ACTION
                                  :
          v.                      :
                                  :
MICHAEL NIXON                     :          NO. 93-386-4

MEMORANDUM

Bartle, J.                                    February 28, 2012

          Before the court is the motion of defendant Michael
Nixon ("Nixon") for a reduction in sentence pursuant to 18 U.S.C.
§ 3582(c)(2) and 18 U.S.C. § 3553(a).

          On February 25, 1994, Nixon was convicted by a jury of
one count of conspiracy to distribute in excess of fifty grams of
cocaine base or "crack" in violation of 21 U.S.C. § 841(a)(1).

          At his sentencing hearing in July, 1994, the court
found that Nixon was responsible for the distribution of between
1.5 and 4.8 kilograms of crack cocaine and his base offense level
was 38.  The court applied a one-level enhancement because the
distribution of crack cocaine occurred near a school and a two-
level enhancement because Nixon possessed a firearm in connection
with the drug trafficking conspiracy.  We also applied a three-
level enhancement based on a finding that Nixon was a manager in
the drug conspiracy.  These enhancements resulted in an adjusted
offense level of 44.

Nixon qualified as a career offender due to prior convictions for robbery and theft offenses.  However, he was not sentenced under that provision because his adjusted offense level of 44 exceeded the career offender offense level of 37.  With a criminal history category of VI, Nixon's advisory sentence under the United States Sentencing Guidelines was life imprisonment. The court imposed the guideline sentence of a life term of imprisonment.  Our Court of Appeals affirmed the conviction and sentence on May 30, 1995.  <u>United States v. Rivers</u>, 54 F.3d 770 (3d Cir. 1995).

In 2001, this court reduced Nixon's adjusted offense level to 43 to account for an amendment to the guideline provision related to the enhancement for distribution of crack cocaine near a school.  However, Nixon's applicable guideline sentencing range remained unchanged.

In March, 2008, Nixon filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for most crack cocaine offenses.  Under that amendment, Nixon's guideline range was reduced to a term of imprisonment of 360 months to life.  The government opposed the motion based on Nixon's extensive prison disciplinary record.  On May 13, 2008, we granted the motion and sentenced Nixon to a prison term of 360 months.

-2-

Nixon now moves for a second reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750, which further reduced the base offense levels for most crack offenses and was made retroactive effective November 1, 2011.

Title 18, Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In § 1B1.10 of the Sentencing Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to § 3582(c)(2).  Amendment 750 is one of the amendments expressly listed in that section.  See U.S.S.G. § 1B1.10(c).

However, § 1B1.10 also provides that a reduction in sentence is not authorized under § 3582(c)(2) if the "amendment ... does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).  As the Supreme Court has declared, § 3582(c)(2) "applies only to a limited class of prisoners" and "[a]ny reduction [under that section] must be consistent with applicable policy statements issued by the Sentencing Commission."  Dillon v. United States, 130 S. Ct. 2683, 2688 (2010).

-3-

Under Amendment 750, Nixon's base offense level is 36 and his total adjusted offense level is 39.  With the established criminal history category of VI, Nixon's guideline range is still a term of imprisonment of 360 months to life.  Because the application of Amendment 750 does not lower Nixon's guideline sentencing range, he is not eligible for a reduction under the clear language of § 1B1.10.

Accordingly, the motion of Nixon for a reduction in sentence will be denied.